PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
NOV 19 2018
David J. Bradley, Clerk of Court

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

MATTHEW PAYAM SHALOUEI
PETITIONER
(Full name of Petitioner)

Alfred D. Hughes Unit, TDCJ-CID
CURRENT PLACE OF CONFINEMENT

vs.

02030642
PRISONER ID NUMBER

BRYAN COLLIER, TDCJ Director
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner)

CASE NUMBER
(Supplied by the District Court Clerk)

INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

- ■ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☐ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other:________________ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: 263rd Judicial District Court, Harris County, Tx

2. Date of judgment of conviction: October 21, 2015

3. Length of sentence: Life - With Parole

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: Capital Murder, Cause no. 1411883-01010

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one) ■ Not Guilty ☐ Guilty ☐ Nolo Contendere

6. Kind of trial: (Check one) ■ Jury ☐ Judge Only

7. Did you testify at trial? ■ Yes ☐ No

8. Did you appeal the judgment of conviction? ■ Yes ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? Fourteenth Court Of Appeals Cause Number (if known): 14-15-01055-CR

   What was the result of your direct appeal (affirmed, modified or reversed)? Affirmed

   What was the date of that decision? March 7, 2017

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: See Attachments

   Result: Refused

   Date of result: June 28, 2017 Cause Number (if known): PD-0260-17

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: ______

   Date of result: ______

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed. ■ Yes ☐ No

11. If your answer to 10 is "Yes," give the following information:

   Name of court: Texas Court of Criminal Appeals

   Nature of proceeding: Writ of habeas corpus pursuant to Art. 11.07

   Cause number (if known): Tr. Ct. No. 1411883-A, WR-88,866-01

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: May 18, 2018

Grounds raised: See Attachments

Date of final decision: September 19, 2018

What was the decision? Denied Relief Without Written Order

Name of court that issued the final decision: Texas Court of Criminal Appeals

As to any second petition, application or motion, give the same information:

Name of court: ____________________

Nature of proceeding: ____________________

Cause number (if known): ____________________

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:

____________________

Grounds raised: ____________________

____________________

Date of final decision: ____________________

What was the decision? ____________________

Name of court that issued the final decision: ____________________

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition? ☐ Yes ☒ No

(a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: ____________________

____________________

(b) Give the date and length of the sentence to be served in the future: ____________________

____________________

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☐ Yes ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: ____________________

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☐ Yes ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☐ No

16. Are you eligible for release on mandatory supervision? ☐ Yes ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:

____________________

Disciplinary case number: ____________________

What was the nature of the disciplinary charge against you? ____________________

18. Date you were found guilty of the disciplinary violation: ____________________

Did you lose previously earned good-time days? ☐Yes ☐ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:

____________________

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:

____________________

____________________

____________________

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☐ Yes ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result: ____________________

Date of Result: ______

Step 2 Result: ______

Date of Result: ______

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** See Attachments

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

B. **GROUND TWO:** See Attachments

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

C. **GROUND THREE:** See Attachments

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

D. **GROUND FOUR:** See Attachments

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

21. Relief sought in this petition: Petitioner Seeks relief from this illegal restraint Of his liberty by reversing the judgement of Conviction and Sentence of the District Court and remanding the case back to the District Court for a new trial, or remand this case back to the District Court for an Evidentiary hearing on the grounds raised on this petition.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☒ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes ☒ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial: Jerome Godinich, Jr.

(d) At sentencing: Jerome Godinich, Jr.

(e) On appeal: Jerome Godinich, Jr.

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding: ____________

________________________________________________________________

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

________________________________________________________________

________________________________________________________________

________________________________________________________________

________________________________________________________________

________________________________________________________________

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

November, 7, 2018 (month, day, year).

Executed (signed) on November, 7, 2018 (date).

Signature of Petitioner (required)

Petitioner's current address: Alfred D. Hughes Unit, RT 2 Box 4400, Gatesville, Texas, 76597

SHALOUEI V. COLLIER

Attachments to Habeas Petition

Question No. 9: Grounds raised on Petition for Discretionary Review.

The Court of Appeals erred by failure to declare Texas Penal Code §12.31(a)(1), and Texas Goverment Code §508.145(b) facially unconstitutional under the Eighth Amendment to the United States Constitution.

Question No. 12: Grounds raised on State Application for a Writ of Habeas Corpus.

Petitioner was denied effective assistance of counsel at trial because his attorney: a) Failure to challenge biased jurors; b) Failure to file a motion to suppress Petitioner's statement; c) Failure to object to extraneous offense; d) Failure to file motion to seek a continuance for a competency hearing; e) Coercion to become appellate counsel, creating conflict of intrest; f) Failure to object to State's improper closing; g) Failure to challenge sufficiency on appeal; and h) Due Process violation by State's unsworn testimony during opening statement.

Question No. 20: Grounds for Relief

A. GROUND ONE: Ineffective assistance of counsel during voir dire.

Supporting facts: Counsel declined and failed to call foward each of the selected jurors for additional questioning to see if they were involved in the research and discussion of the case as Juror No. #9 overheard some ladies doing during a bathroom break which lead to doing her own research of the case that the Petitioner was on trial for. This was a direct violation of the Court's order for the jurors not to do. She was later dismissed from the jury panel due to the influence it had on her verdict. Never did Counsel investigated to determine exactly which ladies did the research and who did they have a discussion

with about the Petitioner's case.

Counsel also failed to strike juror No.#30 due to his influence on his verdict when he did his own research of the case and stated, "I would lean more towards he's guilty already, but I haven't made up my mind until I hear actual people."

Counsel's failure to challenge unqualified and biased jurors violated Petitioner's 6th Amendment Right to an impartial and fair jury, and his 6th and 14th Amendment Right to effective assistance of counsel.

B. GROUND TWO: Ineffective assistance of counsel at trial.

Supporting facts: Counsel failed to file a motion to suppress Petitioner's involuntary statement made during a police interview. Petitioner was 17 years-old at the time with mental disorders. Due to the overwhelming situation of the alleged offense, Petitioner was under psychological pressure and when requested to have his mother or an attorney present, the request was ignored and the interview continued. Deputy also admitted to using coercive tactics to have Petitioner's to go along with a theory of aggravated robbery which Petitioner claimed that the motive not to be true. The State admitted that the video footage of the interview was unable to get a full, clear recording, aswell as "it was almost like another language." State also filed a motion with intent to use the involuntary statement.

Counsel's failure to suppress the involuntary statement in the 5th Amendment sense violated Petitioner's 6th and 14th Amendment Right to effective assistance of counsel by failure to litigate the 4th Amendment claim.

C. GROUND THREE: Ineffective assistance of counsel at trial.

Supporting facts: Counsel failed to file a motion to seek a continuance for a competency hearing to assert the fact Petitioner was incompetent to stand trial.

The morning of trial, Petitioner swallowed a razor blade and numerous amounts of medication that was prescribed to the Petitioner, along with the incorrect psychotropic medication that was prescribed to him. Medication such as "Tramadol", a narcotic, along with others like "Thorazine", caused him to be "groggy" and not understand the proceedings that were held against him, such as testifying. It also lead trial counsel to coerce the Petitioner to allow him to be his appellate counsel, creating a conflict of intrest.

Counsel's failure to file a motion to seek a continuance for a competency hearing violated Petitioner's 6th and 14th Amendment Right to effective assistance of Counsel.

D. GROUND FOUR: Ineffective Assistance of Counsel, Creating Conflict of intrest.

Supporting facts: Counsel created a conflict of intrest when he coerced the Petitioner, while he was incompetent, to be his appellate counsel. During the day when Petitioner signed the Pauper's Oath on Appeal, Petitioner did not have a rational as well as a factual understanding of the proceedings due to the numerous amounts of prescribed medication, aswell as the mental disorders which trial counsel had many indicators of Petitioner's incompetency.

Petitioner also filed a pro se motion to dismiss the same trial counsel and asked him several times to withdraw due to the nature of the attorney-client relationship and to dillegently do pre-trial investigation and prepare defense for trial without any distrust, dissatisfaction, and conflict concerns.

Counsel's coercion by acting as appellate counsel violated Petitioner's 6th and 14th Amendment right to a conflict-free representation, and depriving his 6th Amendment Right to a fair and fully effective appeal. Counsel's ineffectiveness was not brought up and this was choosing between advancing his own intrest instead of the Petitioner's.